The opinion of the Court was delivered by
Harper, J.
This was a case proper for the determination of the jury; nor do we perceive any error in that or the charge of the Judge, which will authorize us to grant a new trial on the ground upon which it is prayed. The Judge states in his report, “ that the case of Stockdale vs. Jonathan Yongue, was tried before me the last Spring, and the evidence of possession was then much stronger than now. I had then before me, the opinion of the Court of Appeals, and charged the jury precisely in conformity to it.” The Judge adds, that on the present trial he “did not think the jury were authorized, from the possession proved, to presume the deed from Evans,” and *405 gives the reasons of bis opinion, in which we see nothing exceptionable. It was proper that he should express an opinion to the jury. We have reviewed the former opinion of this Court, delivered by Mr. Justice Oolcock, and do not perceive that it contains anything to which we are not now disposed to consent. He says, “There are two kinds of presumption ; the one may be called a legal presumption; the other -a presumption of fact.” As an instance of the first, which is said to be unconnected with actual belief, he puts the presumption of a deed or grant from an actual possession of twenty years. With respect to the presumption of fact, the Judge says, “ when the party undertakes to show that in point of fact a deed did exist, there he must first prove such circumstances, as will induce the belief of its existence; next, the loss or destruction; and lastly, the contents.” He afterwards objects to the proof in the case before him, because the witness, “ who testifies to having seen the deed, spoke of the subscribing witnesses, persons who were known to have lived in this State, the sister of the grantor, and Mr. Oliver Cromwell; and no account is given of them, nor any evidence to satisfy the mind whether they be dead or alive.” I do not perceive what exception can be taken to this. To raise a presumption of fact, is to prove the fact, so as to satisfy the jury of its existence; not indeed by the direct testimony of witnesses who knew the fact, but by circumstances. If the highest testimony cannot be procured, then direct and positive secondary evidence should be offered, if it can be had; as in the case of a lost deed, the testimony of the subscribing witnesses who saw it executed and knew its contents. If direct and positive secondary evidence cannot be had ; as if the subscribing witnesses be dead, and no copy of the deed be in existence, then circumstances may be resorted to, as that the party claiming has been long in possession; that he is in possession of the original grant and other muniments of title; and that, as in this case, a witness saw in his possession a deed purporting to be signed by the supposed grantor. But if the *406 subscribing witnesses be alive, and their testimony procurable, certainly it ought to be produced; and this is what I understand to have been said by Judge Colcock in the opinion referred to.
The motion is refused.
JOHNSON and O’Neall, JJ., concurred.
Motion refused.